UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MYRON JACKSON,

        Petitioner,               Case No. 2:12-cv-190

v.                                   HON. R. ALLAN EDGAR

JEFFREY WOODS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This habeas corpus action was brought by state prisoner Myron Jackson pursuant to 28 U.S.C. § 2254. Petitioner was convicted on August 23, 2005, of assault with intent to commit murder and possession of a firearm during the commission of a felony. Petitioner was sentenced to 12 to 25 years on the assault conviction and a consecutive two year term on the felony firearm charge. Respondent argues that the petition was filed outside the one year limitations period for filing habeas petitions in federal court. Petitioner asserts that his petition was timely.

        The one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on July 30, 2007. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which petitioner could have sought review in the United States Supreme Court had expired.

*See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on October 28, 2007. *See Bronaugh*, 235 F.3d at 284-85 (under FED. R. CIV. P. 6(a), the first day for counting purposes does not include the day of the act, event or default from which the designated period of time begins to run).

Petitioner had one year from October 28, 2007, to file his habeas application, unless he took action to toll the limitations period. The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner filed a motion for relief from judgment on September 28, 2009, and pursued that motion through the Michigan Supreme Court. That motion clearly could not serve to toll the limitations period, because the limitations period had already expired before the motion was filed. Petitioner argues that he actually filed his original motion for relief from judgment on January 14, 2008, which would make this petition timely through equitable tolling. Petitioner asserts that he handed his original motion for relief from judgment to prison officials, but the petition was

never filed with the court. Petitioner claims to have sent a motion for relief from judgment to the court and a copy to the Attorney General's Office. Petitioner claims that these motions were lost or misplaced by someone in the Third Judicial Circuit. As support for this claim, petitioner provided the court with a Legal Mail and Court Filing Fee Logbook page that indicates that he paid postage for outgoing mail on January 14, 2008. The disbursement does indicate that the filing was for petitioner's criminal case, case number 05-00484301. Petitioner provided the court with a disbursement authorization form which indicates that mail was sent on case number 05-004843-01 to the Wayne County Prosecutor and the Wayne County Clerk's Office on January 14, 2008. A June 18, 2009, Memorandum from the MDOC indicates that legal mail was sent out of the prison on June 14, 2008. Petitioner first contacted the court on August 3, 2009, inquiring about his lost or misplaced motion for relief from judgment and requested that his newly filed motion for relief from judgment be back-dated to January 14, 2008, to allow him to file a timely habeas petition in the federal court. The Third Circuit responded to petitioner indicating that they had not received a new motion from petitioner as of September 4, 2009, and would be unwilling to back-date a future filing of a motion.

In the opinion of the undersigned, the petition should be barred as untimely and equitable tolling should not apply in this case. The petition was clearly untimely. Petitioner asserts that he sent a motion for relief from judgment to the trial court that would have tolled the one year limitation period if the court had not lost the petition. Petitioner has not provided the court with a copy of that motion or even explained to the court why he did not keep a copy of the motion or what claims were made in the motion. This court does not know what claims were made in the "lost or misplaced" motion. Further, there is no indication from the Third Judicial Circuit court that they lost a motion for relief from judgment that petitioner had filed. Moreover, petitioner should have been

aware much sooner than June of 2009 that no case was filed. Petitioner does not explain why he waited until August 3, 2009, after nearly 20 months had passed, to make an inquiry about his case to the Third Judicial Circuit. The fact that petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Accordingly, in the opinion of the undersigned, petitioner is not entitled to equitable tolling of the statute of limitations. It is recommended that respondent's motion for summary judgment (Docket #14) be granted and the petition be dismissed.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 2, 2013

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).